```
                                                                              FILED
            UNITED STATES DISTRICT COURT                                    APR 14 2009
               DISTRICT OF SOUTH DAKOTA
                  SOUTHERN DIVISION
```

*******************************************************************

|                                    |                                          |
|------------------------------------|------------------------------------------|
| MIGUEL ANGEL ROMERO-SIQUEIROS,     | 09-4008                                  |
|                                    |                                          |
| Petitioner,                        |                                          |
|                                    | MEMORANDUM OPINION AND                   |
| - vs -                             | ORDER DENYING PETITIONER'S               |
|                                    | MOTION TO VACATE, SET ASIDE, OR          |
| UNITED STATES OF AMERICA,          | CORRECT SENTENCE                         |
|                                    |                                          |
| Respondent.                        |                                          |

*******************************************************************

Petitioner, Miguel Angel Romero-Sisqueiros, an inmate at F.C.I.- Victorville I in Adelanto, California, has filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255. Doc. 1.

## BACKGROUND

On October 22, 2007, Petitioner filed a petition to plead guilty to the Indictment which charges him with Illegal Reentry After Deportation in violation of 8 U.S.C. § 1326(a). On February 5, 2008, Petitioner was sentenced by the Honorable Lawrence L. Piersol in the United States District Court for the District of South Dakota to 70 months imprisonment for that crime. Pursuant to the United States Sentencing Commission, *Guidelines Manual*, §2L1.2 (Nov. 2007), a violation of 8 U.S.C. § 1326(a) calls for a base offense level of 8. However, Petitioners' base offense level was increased by 16 levels pursuant to USSG §2L1.2(b)(1)(A)(ii) because Petitioner had been previously deported after a conviction for a felony that is a crime of violence. Specifically, Petitioner was deported in March 1994 after being released from prison for a 1992 burglary conviction in California.[1]

---

[1] Petitioner's total offense level was 21, as he received the 3 level reduction under USSG §3E1.1 for Acceptance of Responsibility.

Petitioner did not file a direct appeal from the sentence imposed by the Court.

On January 26, 2009, Petitioner filed a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. Petitioner attacks the sentence imposed by the Court on two different grounds. First, Petitioner argues that the Court imposed an unconstitutional and illegal sentence because "[a] prior felony was used to enhance Movant's sentence, when prior felony did not constitute an aggravating felony (prior offense) that would warrant an eight to sixteen point enhancement." Second, Petitioner asserts a claim for ineffective assistance of counsel on the basis that "[c]ounsel of record failed to properly investigate into the Movant's prior history to determine that a prior felony was used unconstitutionally and illegally to enhance the Movant's sentence."

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.

### I. Illegal/Unconstitutional Sentence

Petitioner is contesting for the first time that the Court imposed an unconstitutional and illegal sentence because "[a] prior felony was used to enhance Movant's sentence, when prior felony did not constitute an aggravating felony (prior offense) that would warrant an eight to sixteen point enhancement."

Habeas review, however, "is an extraordinary remedy and will not be allowed to service for an appeal." *Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828

2

(1998). "A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Moreover, even constitutional or jurisdictional issues unraised on direct appeal are procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence. *Id.*; *see also United States v. Bailey*, 235 F.3d 1069, 1071-72 (8th Cir. 2000) (citations omitted).

Petitioner has failed to establish cause and prejudice or actual innocence in this case. As a result, the Court finds that Petitioner has procedurally defaulted on his claim challenging the legality of his sentence. Arguments regarding the alleged proper application of USSG §2L1.2(b)(1)(A)(ii) should instead have been raised on direct appeal.

## II. Ineffective Assistance of Counsel

Petitioner also asserts a claim for ineffective assistance of counsel on the basis that "[c]ounsel of record failed to properly investigate into the Movant's prior history to determine that a prior felony was used unconstitutionally and illegally to enhance the Movant's sentence." Unlike Petitioner's claim contesting the legality of his sentence, Petitioner may raise an ineffective assistance of counsel claim in a § 2255 motion even though he did not raise the issue on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) (stating that ineffective assistance of counsel claims should be brought in § 2255 proceedings rather than on direct appeal because they usually involve facts outside the record).

The Supreme Court has set forth a two-part test for evaluating ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive

3

the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "The proper standard for attorney performance is that of reasonably effective assistance." *Id.* To satisfy the first prong, the movant must demonstrate that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. Judicial scrutiny of counsel's performance is highly deferential; thus there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To satisfy the second prong, movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The Court finds that Petitioner is not entitled to relief for his claim challenging his attorney's alleged failure to object to the 16 level increase in Petitioner's offense level pursuant to USSG §2L1.2(b)(1)(A)(ii). Whether or not burglary is an aggravated felony or crime of violence under California law does not influence how USSG §2L1.2(b)(1)(A)(ii) should be applied at Petitioner's sentencing hearing. The Eighth Circuit has clearly stated that all enumerated crimes of violence in subpart (iii) of application note 1(B) are crimes of violence for purposes of USSG §2L1.2(b)(1)(A)(ii). *United States v. Gomez-Hernandez,* 300 F.3d 974 (8th Cir. 2002) (stating that a prior felony conviction for any of the enumerated crimes in the application note is a crime of violence for purposes of 2L1.2(b)(1)(A)(ii)). The Presentence Investigation Report in this case indicated that in November 1992, Petitioner was convicted of Attempted First Degree Burglary in Long Beach Superior Court for attempting to burglarize a home by removing a window screen and prying the lock on the kitchen door while the victim was yet inside. "Burglary of a dwelling" is clearly enumerated in application note 1(B)(iii) of the Sentencing Guidelines as a "crime of violence." As a result, any alleged failure on behalf of Petitioner's attorney to object to the 16 level increase in Petitioner's offense level did not result in prejudice to Petitioner. Petitioner's ineffective assistance of counsel claim is therefore denied.

### III.     Certificate of Appealability

When the district court has denied a motion under 28 U.S.C. § 2255, the petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A "substantial showing " under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserved further proceedings." *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly,

It is hereby ORDERED:

(1) that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 1, is DENIED;

(2) that a Certificate of Appealability shall not issue on any of the claims raised in Petitioner's § 2255 motion.

Dated this 14th day of April, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Colleen Schulte
(SEAL)   DEPUTY